■ ANNIE GRAY, Appellant, v. UNIGARD MUTUAL INSURANCE COMPANY, Respondent.— Appeal from an order of the Supreme Court at Special Term, entered March 14, 1974 in Sullivan County, which granted the defendant's cross motion for summary judgment dismissing the complaint and denied the plaintiff's motion for summary judgment, and from the judgment entered thereon. On August 27, 1972, the plaintiff's automobile was damaged in an accident, and, thereafter, she commenced this action seeking to recover on a collision policy which the defendant had issued to her for the vehicle on March 18, 1972. For its part, the defendant does not question the amount of damages claimed, but it denies its liability therefor on the ground that the plaintiff's collision policy had been properly canceled for nonpayment prior to the accident. Finding that a notice of cancellation mailed to the plaintiff by the defendant on April 25, 1972 had effectively canceled the policy for nonpayment, Special Term awarded summary judgment to the defendant, as noted above, and judgment was entered accordingly. On this appeal, the plaintiff challenges Special Term's

resolution of this dispute, and we agree that it cannot be permitted to stand. Granted only where no triable issue is raised, summary judgment is a drastic remedy and the procedural equivalent of a trial (6 Carmody-Wait, 2d. N. Y. Practice, § 39.2). Consequently, it should be denied not only where a triable issue is clearly defined, but even where the existence of such an issue is in doubt (*Falk* v. *Goodman*, 7 N Y 2d 87) or "if the issue is fairly debatable" (*Stone* v. *Goodson*, 8 N Y 2d 8, 12, mot. for rearg. den. 8 N Y 2d 934). Here, the plaintiff contends, *inter alia*, that the subject policy was issued upon payment of the premium thereon by a finance company and that she was not in default on the date of the cancellation notice and its mailing. Surely, these allegations, buttressed as they are by receipts, present genuine questions of fact which demand a trial for their proper resolution. Our determination that a trial is required in this case makes consideration of the plaintiff's further contentions unnecessary. Order and judgment reversed, on the law, with costs; motion and cross motion denied. Herlihy, P. J., Greenblott, Sweeney, Kane and Main, JJ., concur.